# EXHIBIT A

Civil Action Cover Sheet - Case Initiation (Rev. 4/21/09) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

WILLIAM MITCHELL,

                        Plaintiff

           v.                                                                    No. _____

INTRALOX, LLC, a foreign corporation,

                        Defendant

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. ONLY ONE (1) CASE TYPE MAY BE CHECKED WITH THIS COVER SHEET.

(FILE STAMP)

Jury Demand ☑ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**
**CASE TYPES:**
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☑ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
**CASE TYPES:**
- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**
**CASE TYPES:**
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
  (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please Specify Below**)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
**CASE TYPES:**
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

By _____
   (Attorney)           (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| WILLIAM MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No.: |
| INTRALOX, LLC, a foreign limited liability company, | ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, WILLIAM MITCHELL, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of the Defendants, INTRALOX, LLC, and each of them, and in support thereof, states as follows:

## COUNT I – PRODUCT LIABILITY

1. On June 3, 2010, and for some time prior and subsequent thereto, the Plaintiff, WILLIAM MITCHELL, was a resident of Cook County, State of Illinois and an employee of United Parcel Service as a maintenance mechanic engineer.

2. That on or about June 3, 2010, and prior and subsequent thereto, Defendant, INTRALOX, LLC, was a limited liability company registered in the State of Louisiana and doing business in the State of Illinois that designed, manufactured, produced and sold Intralox modular plastic conveyor belting.

3. That on June 3, 2010, and prior and subsequent thereto, the Defendants, INTRALOX, LLC, were engaged in the business of designing, manufacturing, building,

1

constructing, assembling, producing, marketing and selling a product known as Intraloz modular plastic conveyor belts and conveyor belting systems.

4. That at all times relevant herein, the Defendants, INTRALOX, LLC sold, distributed, and/or placed for retail sale their interlocking modular plastic conveyor belt systems to United Parcel Service Chicago Area Consolidated Hub (hereinafter "UPS") where Plaintiff, WILLIAM MITCHELL worked as a maintenance mechanic engineer.

5. That on June 3, 2010, Plaintiff, WILLIAM MITCHELL was performing service, maintenance and/or modifications to the Intralox conveyor belt system when he was caused to slip and fall while on the conveyor system to complete the service.

6. That at all times relevant herein, the Defendants, INTRALOX, LLC owed a duty of care and had a duty to design, build, construct, inspect, assemble and otherwise manufacture their conveyor belt products, parts and systems in such a manner so as to refrain from inherent defects, dangers and malfunctions that could cause serious injury to persons such as Plaintiff herein.

7. That notwithstanding their duty as aforesaid, Defendants, INTRALOX, LLC, breached their duty of care owed to Plaintiff, WILLIAM MITCHELL, as follows:

    a. Defendants designed their conveyor belt products, parts and systems defectively so as to cause it to injure the Plaintiff;

    b. Defendants, by their agent and employee, Edward Taylor, did direct, supervise and control the work that Defendant, INTRALOX wanted Plaintiff to perform as a maintenance mechanic.

    c. Defendants failed to construct their conveyor belt products, parts and systems safely so as to ensure that they would not injure persons such as Plaintiff;

    d. Defendants failed to properly and/or reasonably manufacture their conveyor belt products, parts and systems so as to ensure that the conveyor belt product would not injure persons performing service on it such as Plaintiff herein;

e. Defendants intentionally failed to take the necessary steps in the manufacture, inspection and production of their conveyor belt products, parts and systems to ensure that they would injure persons such as Plaintiff;

f. Defendants failed to provide adequate warnings about the inherent dangers of the conveyor belt products, parts and systems so as to warn of possible injury to persons such as the Plaintiff herein;

g. Defendants failed to design, manufacture or construct their conveyor systems with a safety locking mechanism so that service and/or maintenance could be performed in a safe manner;

h. Defendants failed to provide an access or other design feature to allow manual service and/or maintenance so as to put persons such as Plaintiff herein at a great risk for injury in attempting to service, maintain or otherwise modify the conveyor system;

i. Defendants, were otherwise negligent in the design, construction, manufacture, distribution and sales of the conveyor belt products, parts and systems.

8. That as a direct and proximate result of one or more of the foregoing negligent and/or intentional acts and/or omissions in the design, production, manufacture and sale of the by the Defendants, INTRALOX, LLC, the Plaintiff, WILLIAM MITCHELL was caused to sustain severe and permanent injuries, pain and suffering as well as to accrue medical expenses, and that plaintiff will continue to suffer damages as a result of being injured by the product of Defendant, INTRALOX, LLC.

WHEREFORE, Plaintiff, WILLIAM MITCHELL, prays for judgment against the Defendants, INTRALOX, LLC, in an amount in excess of $50,000.00 (Fifty Thousand Dollars) plus the costs of this suit.

## COUNT II - STRICT LIABILITY

1-8. Plaintiff hereby restates, adopts, realleges and incorporates by reference the allegations contained in paragraphs 1-8 of Count I as paragraphs 1-8 of this Count II as though fully set forth herein.

9. Prior to June 3, 2010, the Defendant, INTRALOX, LLC, designed, manufactured, and sold conveyor belt products, parts and systems to UPS Chicago Central Hub.

10. On or about June 3, 2010, the conveyor belt products, parts and systems designed, manufactured and sold by INTRALOX, LLC to UPS in Chicago were specifically installed to be used by UPS employees and serviced and maintained by the maintenance mechanic engineers such as Plaintiff, WILLIAM MITCHELL.

11. On information and belief, on and prior to June 3, 2010, the conveyor products, parts and system was not properly manufactured and/or distributed by Defendants INTRALOX, LLC, to be safe for use by persons intended to use and/or perform basic service or maintenance on the product.

12. On and prior to June 3, 2010, it was reasonably foreseeable that a trained person such as Plaintiff, WILLIAM MITCHELL, would have to perform basic service or maintenance on the Intralox conveyor products, parts and systems.

13. That in fact, Defendant, INTRALOX, LLC employee and agent Edward Taylor did specifically direct, supervise and control the work of Plaintiff, WILLIAM MITCHELL in performing a particular service, maintenance and modification to the Intralox conveyor product, parts and system at UPS Chicago Central Hub.

4

14. That the risk of severe injury in servicing, maintaining and modifying the Intralox conveyor product, parts and system was not obvious or apparent to the Plaintiff, WILLIAM MITCHELL as maintenance mechanic engineer for UPS because he had no reason to have knowledge that the conveyor would be defective causing him injury.

15. It was reasonable to expect the manufacturer, Defendant, INTRALOX, LLC to ensure the conveyor product, parts and system was properly designed and constructed so that it would not create a danger for injury to persons such as Plaintiff herein.

16. As a result, Defendant, INTRALOX, LLC, had a duty to exercise ordinary and reasonable care to make the conveyor product safe and to guard against the risk of injury to persons authorized to maintain and use the product such as Plaintiff herein.

17. On and prior to June 3, 2010, the conveyor product, parts and system was defective and unreasonably dangerous in one or more of the following ways:

   a. The Intralox conveyor product, parts and system was not properly designed and constructed for it's intended use as a conveying mechanism;

   b. The Intralox conveyor product, parts and system conveyor product was defective at the time it left the manufacturer;

   c. Defendants failed to provide adequate warnings about the inherent dangers of the conveyor belt products, parts and systems so as to warn of possible injury to persons such as the Plaintiff herein;

   d. Defendants failed to design, manufacture or construct their conveyor systems with a safety locking mechanism so that service and/or maintenance could be performed in a safe manner;

   e. Defendants failed to provide an access or other design feature to allow manual service and/or maintenance so as to put persons such as Plaintiff herein at a great risk for injury in attempting to service, maintain or otherwise modify the conveyor system;

5

18. As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions, the man-lift in question caused the Plaintiff, WILLIAM MITCHELL to sustain injuries of a personal and pecuniary nature.

19. The aforementioned defective and unreasonably dangerous conditions were present when the safe left the control of the Defendants, INTRALOX, LLC, and persisted to and including the date of Plaintiff's injury.

WHEREFORE, Plaintiff, WILLIAM MITCHELL, prays for judgment against the Defendants, INTRALOX, LLC, in an amount in excess of $50,000.00 (Fifty Thousand Dollars) plus the costs of this suit.

Respectfully submitted,

RUBERRY, STALMACK & GARVEY, LLC

By: John S. LaMantia

RUBERRY, STALMACK & GARVEY, LLC
Attorneys for Plaintiff
500 W. Madison Street, Suite 2300
Chicago, IL 60661
(312) 466-8050
Atty. No. 48602

IN THE CIRCUIT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| WILLIAM MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No.: ) |
| INTRALOX, LLC, a foreign limited liability company, | ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, WILLIAM MITCHELL, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of the Defendants, INTRALOX, LLC, and each of them, and in support thereof, states as follows:

## COUNT I – PRODUCT LIABILITY

1. On June 3, 2010, and for some time prior and subsequent thereto, the Plaintiff, WILLIAM MITCHELL, was a resident of Cook County, State of Illinois and an employee of United Parcel Service as a maintenance mechanic engineer.

2. That on or about June 3, 2010, and prior and subsequent thereto, Defendant, INTRALOX, LLC, was a limited liability company registered in the State of Louisiana and doing business in the State of Illinois that designed, manufactured, produced and sold Intralox modular plastic conveyor belting.

3. That on June 3, 2010, and prior and subsequent thereto, the Defendants, INTRALOX, LLC, were engaged in the business of designing, manufacturing, building,

1

constructing, assembling, producing, marketing and selling a product known as Intraloz modular plastic conveyor belts and conveyor belting systems.

4. That at all times relevant herein, the Defendants, INTRALOX, LLC sold, distributed, and/or placed for retail sale their interlocking modular plastic conveyor belt systems to United Parcel Service Chicago Area Consolidated Hub (hereinafter "UPS") where Plaintiff, WILLIAM MITCHELL worked as a maintenance mechanic engineer.

5. That on June 3, 2010, Plaintiff, WILLIAM MITCHELL was performing service, maintenance and/or modifications to the Intralox conveyor belt system when he was caused to slip and fall while on the conveyor system to complete the service.

6. That at all times relevant herein, the Defendants, INTRALOX, LLC owed a duty of care and had a duty to design, build, construct, inspect, assemble and otherwise manufacture their conveyor belt products, parts and systems in such a manner so as to refrain from inherent defects, dangers and malfunctions that could cause serious injury to persons such as Plaintiff herein.

7. That notwithstanding their duty as aforesaid, Defendants, INTRALOX, LLC, breached their duty of care owed to Plaintiff, WILLIAM MITCHELL, as follows:

   a. Defendants designed their conveyor belt products, parts and systems defectively so as to cause it to injure the Plaintiff;

   b. Defendants, by their agent and employee, Edward Taylor, did direct, supervise and control the work that Defendant, INTRALOX wanted Plaintiff to perform as a maintenance mechanic.

   c. Defendants failed to construct their conveyor belt products, parts and systems safely so as to ensure that they would not injure persons such as Plaintiff;

   d. Defendants failed to properly and/or reasonably manufacture their conveyor belt products, parts and systems so as to ensure that the conveyor belt product would not injure persons performing service on it such as Plaintiff herein;

2

e. Defendants intentionally failed to take the necessary steps in the manufacture, inspection and production of their conveyor belt products, parts and systems to ensure that they would injure persons such as Plaintiff;

f. Defendants failed to provide adequate warnings about the inherent dangers of the conveyor belt products, parts and systems so as to warn of possible injury to persons such as the Plaintiff herein;

g. Defendants failed to design, manufacture or construct their conveyor systems with a safety locking mechanism so that service and/or maintenance could be performed in a safe manner;

h. Defendants failed to provide an access or other design feature to allow manual service and/or maintenance so as to put persons such as Plaintiff herein at a great risk for injury in attempting to service, maintain or otherwise modify the conveyor system;

i. Defendants, were otherwise negligent in the design, construction, manufacture, distribution and sales of the conveyor belt products, parts and systems.

8. That as a direct and proximate result of one or more of the foregoing negligent and/or intentional acts and/or omissions in the design, production, manufacture and sale of the by the Defendants, INTRALOX, LLC, the Plaintiff, WILLIAM MITCHELL was caused to sustain severe and permanent injuries, pain and suffering as well as to accrue medical expenses, and that plaintiff will continue to suffer damages as a result of being injured by the product of Defendant, INTRALOX, LLC.

WHEREFORE, Plaintiff, WILLIAM MITCHELL, prays for judgment against the Defendants, INTRALOX, LLC, in an amount in excess of $50,000.00 (Fifty Thousand Dollars) plus the costs of this suit.

## COUNT II - STRICT LIABILITY

1-8. Plaintiff hereby restates, adopts, realleges and incorporates by reference the allegations contained in paragraphs 1-8 of Count I as paragraphs 1-8 of this Count II as though fully set forth herein.

9. Prior to June 3, 2010, the Defendant, INTRALOX, LLC, designed, manufactured, and sold conveyor belt products, parts and systems to UPS Chicago Central Hub.

10. On or about June 3, 2010, the conveyor belt products, parts and systems designed, manufactured and sold by INTRALOX, LLC to UPS in Chicago were specifically installed to be used by UPS employees and serviced and maintained by the maintenance mechanic engineers such as Plaintiff, WILLIAM MITCHELL.

11. On information and belief, on and prior to June 3, 2010, the conveyor products, parts and system was not properly manufactured and/or distributed by Defendants INTRALOX, LLC, to be safe for use by persons intended to use and/or perform basic service or maintenance on the product.

12. On and prior to June 3, 2010, it was reasonably forseeable that a trained person such as Plaintiff, WILLIAM MITCHELL, would have to perform basic service or maintenance on the Intralox conveyor products, parts and systems.

13. That in fact, Defendant, INTRALOX, LLC employee and agent Edward Taylor did specifically direct, supervise and control the work of Plaintiff, WILLIAM MITCHELL in performing a particular service, maintenance and modification to the Intralox conveyor product, parts and system at UPS Chicago Central Hub.

4

14. That the risk of severe injury in servicing, maintaining and modifying the Intralox conveyor product, parts and system was not obvious or apparent to the Plaintiff, WILLIAM MITCHELL as maintenance mechanic engineer for UPS because he had no reason to have knowledge that the conveyor would be defective causing him injury.

15. It was reasonable to expect the manufacturer, Defendant, INTRALOX, LLC to ensure the conveyor product, parts and system was properly designed and constructed so that it would not create a danger for injury to persons such as Plaintiff herein.

16. As a result, Defendant, INTRALOX, LLC, had a duty to exercise ordinary and reasonable care to make the conveyor product safe and to guard against the risk of injury to persons authorized to maintain and use the product such as Plaintiff herein.

17. On and prior to June 3, 2010, the conveyor product, parts and system was defective and unreasonably dangerous in one or more of the following ways:

   a. The Intralox conveyor product, parts and system was not properly designed and constructed for it's intended use as a conveying mechanism;

   b. The Intralox conveyor product, parts and system conveyor product was defective at the time it left the manufacturer;

   c. Defendants failed to provide adequate warnings about the inherent dangers of the conveyor belt products, parts and systems so as to warn of possible injury to persons such as the Plaintiff herein;

   d. Defendants failed to design, manufacture or construct their conveyor systems with a safety locking mechanism so that service and/or maintenance could be performed in a safe manner;

   e. Defendants failed to provide an access or other design feature to allow manual service and/or maintenance so as to put persons such as Plaintiff herein at a great risk for injury in attempting to service, maintain or otherwise modify the conveyor system;

18. As a direct and proximate result of one or more of the foregoing defective and unreasonably dangerous conditions, the man-lift in question caused the Plaintiff, WILLIAM MITCHELL to sustain injuries of a personal and pecuniary nature.

19. The aforementioned defective and unreasonably dangerous conditions were present when the safe left the control of the Defendants, INTRALOX, LLC, and persisted to and including the date of Plaintiff's injury.

WHEREFORE, Plaintiff, WILLIAM MITCHELL, prays for judgment against the Defendants, INTRALOX, LLC, in an amount in excess of $50,000.00 (Fifty Thousand Dollars) plus the costs of this suit.

Respectfully submitted,

RUBERRY, STALMACK & GARVEY, LLC

By: John S. LaMantia

RUBERRY, STALMACK & GARVEY, LLC
Attorneys for Plaintiff
500 W. Madison Street, Suite 2300
Chicago, IL 60661
(312) 466-8050
Atty. No. 48602